185 La. 577

**STATE v. JOHNSON et al.**

No. 34074.

Supreme Court of Louisiana.

Aug. 29, 1936.

Rusca & Cunningham, of Natchitoches, for relators.

S. R. Thomas, of Natchitoches, for the State.

O'NIELL, Chief Justice.

Dismukes Johnson and Ray Wilson are charged with the crime of lying in wait, armed with a dangerous weapon, with intent to commit murder. The charge was made by affidavit before a justice of the peace. The penalty for the crime is fixed by Act No. 26 of 1892 at not less than one year or more then ten years' imprisonment in the penitentiary. A deputy sheriff to whom the warrant of arrest was given presented it to the judge of the district court, before making the arrest, and obtained an order to release the defendants on bonds for $5,000 each. Thereafter, on the same day, the judge was informed that the defendants were not actually arrested at the time when he ordered them released on bond. For that reason the judge canceled the order for the release of the defendants on bond, and ordered the sheriff to arrest them and keep them in custody. The sheriff having made the arrest and confined the defendants in the parish prison, they employed attorneys, who made application to this court for a writ of habeas corpus, and to have this court fix the bail, under the provisions of article 94 of the Code of Criminal Procedure. There seems to be some disagreement between the judge and the attorneys for the defendants as to whether the attorneys made application to the judge to grant them bail, after the judge had canceled his order granting the bail. It is certain, though, that the attorneys understood, when they made their application to this court, that the judge of the district court was refusing to grant the defendants bail, and that the judge's canceling his order for bail was intended as a refusal to grant bail. In such cases, under article 94 of the Code of Criminal Procedure, the defendant has the right to a writ of habeas corpus, to the end that he may be released on such bail as the supreme court shall fix. The crime charged being not a capital offense, the defendants are entitled to bail, under article 86 of the Code of Criminal Procedure. It would merely cause unnecessary delay to send the matter back to the district court for a determination of the question whether the attorneys for the defendants made formal application for bail after the judge cancel-

ed his order therefor. The defendants say that they are willing and able to furnish bail for a reasonable amount. They complain now that the amount which was fixed by the judge of the district court, $5,000, is excessive. No such complaint, however, was made in the petition to this court, or in the application to the judge of the district court, as far as the record shows. We have concluded, therefore, to fix the bail at $5,000 for each defendant, reserving the right of either defendant to apply for a reduction of the amount, on a sufficient showing, if in fact he is unable to furnish a bond for $5,000.

### Order.

The sheriff is ordered to release the defendants on bonds for $5,000 each, with sufficient and approved surety, as required by law.